UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEON COLTON,

            Petitioner,

v.                                    Case No. 3:09-cv-1176-J-32TEM

WALTER A. MCNEIL,[1]
et al.,

            Respondents.

_____

## ORDER TO SHOW CAUSE
### AND
### NOTICE TO PETITIONER

THIS CAUSE was initiated upon the filing of a Petition for
Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) by the
Petitioner.

Upon consideration of the Petition, it is

**ORDERED AND ADJUDGED:**

Respondents shall have **NINETY (90) DAYS** from the date of this
Order to respond[2] to the Petition and to show cause why the

_____

[1] Walter A. McNeil is substituted for James R. McDonough as
the proper party Respondent pursuant to Rule 25(d)(1) of the
Federal Rules of Civil Procedure.

[2] Due to understaffing and budget constraints, resulting in
work overload, an increased response time has been authorized in
this Order. See the Advisory Committee Notes to Rule 4, Rules
Governing Section 2254 Cases in the United States District Courts.
However, since an expanded response time has been provided,
requests for extensions of time will not be favorably received,
except under extraordinary circumstances. If Respondents face such
an extraordinary circumstance, other than general work overload,
they may file a motion for extension of time with an accurate
prediction of the time needed to respond.

Petition should not be granted. The response shall address the allegations of the Petition and must comply with Local Rule 3.01, Rules of the United States District Court for the Middle District of Florida.[3] In addition, it shall state whether the Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. If it is denied that Petitioner has exhausted his state remedies, the response shall contain in detail an explanation of which state remedies are available to the Petitioner.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of

---

[3] Unless there is something unique to this particular case, all that is needed is a very brief statement on the standard of review, the law of ineffective assistance of counsel (if applicable) and general habeas corpus law; however, a more in-depth analysis of the law should be presented when addressing the merits of the claims and/or exhaustion and procedural default or when asserting untimeliness.

direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

If the one-year limitation period is applicable to this case, the response shall state whether the Petition was filed within the above-quoted period of limitation. The response shall contain a detailed explanation of how the Petition was or was not filed within the one-year limitation period.

The response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the

3

pre-trial, trial, or post-conviction stage. If such an evidentiary hearing was conducted, the response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the response, it shall be filed by the Respondents with the response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by the Respondents and filed.

Respondents shall submit complete transcripts, not merely portions they deem relevant to the issues presented in the Petition. However, the voir dire portion of a jury trial is not necessary unless there are issues related to the jury selection. Additionally, with respect to any orders denying any motions for post conviction relief, all exhibits cited within the order(s) must be submitted for this Court's review. Further, all submitted exhibits must be tabbed to ease this Court's review of the documentation.

If the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by the Respondents with the response. In addition, the response shall contain the citation(s) to the state court opinion(s) that is (are) reported. The response shall also state whether or not the United States District Court Judge presiding over this case or the United States Magistrate Judge assigned to this case was involved in any of the state court proceedings in the Petitioner's case. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.

Before counsel has appeared for Respondents, Petitioner shall send to Respondents a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Respondents, the copy shall be sent directly to counsel for Respondents, rather than to Respondents personally. Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondents or counsel for Respondents. If any pleading or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Respondents or counsel for Respondents, it will be stricken from this case and

disregarded by the Court. Petitioner shall advise the Court of his current mailing address at all times, especially if the Petitioner is released from custody. Failure to do so may result in the dismissal of this action.

Both parties shall ensure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification. A table of contents or index shall be included to aid the Court in locating such documentary exhibits.

After Respondents file a response, Petitioner, within **NINETY (90) DAYS**, shall *either* file a Reply or notify the Court that he does not intend to file a Reply, but rather will rely on his allegations and claims as stated in the Petition. If Respondents' response incorporates a motion to dismiss the Petition, *pro se* Petitioner is advised out of an abundance of caution[4] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Respondents' response includes documents in support of a request to dismiss/deny the Petition, the Court will construe this request as a motion for summary judgment. In preparing a response,

---

[4] See Griffin v. Wainwright, 772 F.2d 822 (11th Cir. 1985), and Milburn v. United States, 734 F.2d 762 (11th Cir. 1984) wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no evidentiary hearing, and the case will be terminated in this Court.

The Clerk of the Court is directed to send a copy of this Order, the Petition, and every paper filed herein, to the Respondents, including the Attorney General of the State of

Florida. A copy of this Order shall also be served on the Petitioner.

**DONE AND ORDERED** at Jacksonville, Florida, this _4*_ day of _January_, 20__.

_Thomas E. Morris_
UNITED STATES MAGISTRATE JUDGE

ps 12/30
c:
Leon Colton
Walter A. McNeil
Office of the Attorney General

8